# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEBRA MOREHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-1338 CAS |
| | ) |
| N.V.E., INC. d/b/a N.V.E. | ) |
| Pharmaceutical, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court following plaintiff's response to a show cause order. Plaintiff asserts in her memorandum to the Court that the above-captioned cause of action was properly transferred to this District by the District Court of New Jersey pursuant to 28 U.S.C. § 157(b)(5) and/or § 1404(a). Plaintiff also maintains that this Court has diversity jurisdiction over her claims pursuant to 28 U.S.C. § 1332. In the alternative, plaintiff requests that the case be remanded to the Circuit Court of the City of St. Louis. For the following reasons, the Court finds it has the authority and jurisdiction to hear this case.

On August 20, 2009, the above-captioned cause of action was transferred to this Court from the United States District Court, District of New Jersey. The case has taken a slow and winding path: from the Circuit Court of the City of St. Louis, where the case was originally filed in 2004, to the United States District Court for the District of New Jersey, where bankruptcy proceedings were pending against one of the defendants, to a consolidated Multidistrict Litigation action in the United States District Court for the Southern District of New York , back to the United States District Court for the District of New Jersey, and then to this Court. Following transfer from New Jersey, the Court received the docket sheet and file that were maintained in the District Court of New Jersey, but the Court did not have the complete record for the case. After reviewing the file it had, this

Court was not convinced it had the authority to proceed in this action. From the record provided, it was unclear under what authority the transfer had been ordered, and whether federal jurisdiction existed. Therefore, the Court ordered that plaintiff file a legal memorandum identifying the legal authority under which she requested and was granted transfer of this matter to this Court, and the legal basis and factual support for federal subject matter jurisdiction over her claims. Plaintiff was also ordered to provide the Court with her original petition and any dismissals and/or judgments she obtained against any of the defendants named in her petition.

Having reviewed plaintiff's memorandum and supporting documents, the Court concludes it does have authority and jurisdiction to proceed in this case. It appears the District Court of New Jersey transferred the case for trial pursuant to 28 U.S.C. § 157(b)(5), which provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, **or in the district court in the district in which the claim arose**, as determined by the district court in which the bankruptcy case is pending. § 157(b)(5)(emphasis added).

Examining plaintiff's original petition (hereinafter "complaint"), the Count concurrs that plaintiff's claims arose here in Eastern District of Missouri, where she purchased and ingested the products at issue. Therefore, the District Court of New Jersey, the district court in which the bankruptcy case was pending, was acting within its authority pursuant to 28 U.S.C. § 157(b)(5) when it transferred this case to the Eastern District of Missouri. The Court need not decide whether transfer pursuant to 28 U.S.C. § 1404(a) would have been proper.

As for whether federal jurisdiction lies, at the time the case was transferred to this District only one defendant remained, Body Dymanics, Inc. Plaintiff states she is a citizen of Missouri and that Body Dymanics, Inc. is a citizen of Indiana, and therefore the parties are diverse. She claims more than $75,000 in damages are at issue for medical injuries and economic losses. Plaintiff is also seeking punitive damages and attorney's fees against Body Dynamics, Inc. in her complaint. The

2

Court finds, based on the complaint and plaintiff's representations, that it has federal diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion, in the alternative, to remand to state court is **DENIED.** [Doc. 78]

**IT IS FURTHER ORDERED** that on or before **June 4, 2010,** plaintiff Debra Morehouse and defendant Body Dymanics, Inc. shall file a Joint Status Report, which shall include:

(a)　issues that remain to be determined by this Court;

(b)　the status of discovery and what discovery remains to be disclosed or taken in the case;

(c)　whether referral to court-sponsored alternative dispute resolution (Mediation) could advance the ultimate resolution of this case;

(d)　when it is reasonably likely this case would be ready to proceed to trial; and

(e)　the estimated length of trial.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this ___26th___ day of May, 2010.